Bissell, J.,
delivered the opinion of the court.
This bill was filed by the appellant, Otis, against Mrs. Rose and her daughter, Mrs. Riddle, to set aside a conveyance of property made in the early part of 1898, which had theretofore stood in the name of Mrs. Rose. According to the averments of the bill and the proof offered by the plaintiff on the trial, Otis had been employed by Mrs. Rose, and had worked until his wages reached a considerable sum. He brought suit against Mrs. Rose, and obtained a judgment, in 1888, for $1,121, from which an appeal was prosecuted to the supreme court, the cause reversed and sent back for a new trial. It was retried in April, 1893. The case went to the jury on the 22d of that month, and resulted in a verdict *450 for Otis in the sum of 11,649.61. He issued an execution, which was returned nulla Iona, and thereupon filed this bill, charging the conveyance had been made with the intent to defraud creditors, and particularly to prevent him from collecting his judgment. It appeared from the evidence that the deed between Mrs. Rose and Mrs. Riddle Avas prepared in the early part of January, 1898, was not acknowledged until the 4th of February, nor recorded by Mrs. Riddle until the day the case was submitted to the jury. There was no other proof offered by the plaintiff which in any Avise tended to establish the allegation of fraud or the making of a conveyance ivith the intent to defraud creditors, and the allegations rested for their support almost entirely on the presumption which might attach from the circumstances of the conveyance, the relation of the parties, the withholding of the deed from record, and its filing on the very day the case Avent to the jury on the second trial. On the conclusion of the plaintiff’s case, the defendant moved for a nonsuit, Avhich was denied, and the case closed on the introduction of some testimony on the part of the defendants to support an affirmative allegation that the conveyance was in good faith and for an adequate consideration. To support it they offered evidence Avhich tended to show that Mrs. Rose had been twice married, her first husband being Dr. Coot, whose home was in London, Canada. According to the testimony of Mrs. Rose and her daughter, he left them some property, from which was realized a little upwards of $1,500 as the Share belonging to the daughter, Josephine Riddle. The testimony tended to show that this money came into the mother’s possession through the executor, was appropriated to her own use in 186.7 and 1869, and amounted in round numbers to the sum stated. There was eA'idence produced by the defendant which tended to show that the mother had agreed when her daughter became of age to repay this sum ivith interest, but at no specified rate, and at the time of the transaction between the mother and her daughter it was figured up and *451 amounted, as they estimated it, to nearly $5,000, which was the consideration expressed in the deed. To make up the total as they had figured it, the daughter paid the mother some $300 in cash. On this testimony the court entered judgment for the defendants, and from it Otis prosecutes this appeal. The only real basis for the appeal is that the judgment is unsupported by the testimony, and that it so clearly appears from the record that the transaction was one entered into and completed for the express purpose of defeating the appellant, and the defendants so signally failed to show a sufficient consideration for the transfer, that the judgment should be reversed, and the appellant should have judgment setting aside the conveyance. It is argued, and with a good deal of force, that the circumstances of the transfer, which were almost exactly coincident with the recovery of the judgment, the want of any adequate consideration paid at the time, and the fact that the consideration appeared to be the liquidation of a stale and ancient claim, which was probably unenforcible as between the parties, so clearly establishes the fraudulent arrangement between the grantor and the grantee as to entitle the plaintiff to a judgment setting aside the deed. The general principles which the appellant invokes to maintain his contention are tolerabljr well settled, and, ordinarily, a transfer of property in the settlement of ancient claims which are without a very evident foundation are held fraudulent. The trouble is that we are not at liberty to assert our own conclusions, based on the evidence, as against the judgment of the trial court, who heard the witnesses and found the facts adversely to the appellant’s claim. If the court below was well satisfied from the testimony that, in point of fact, the claims existed and were equitable, and that the conveyance was made to pay what was just, we are without the right to assert our convictions against those entertained by the trial court, whose specific function it is to pass on the weight and sufficiency of testimony and determine where the right and the truth lies. We are very frank to say that the motion for a nonsuit should have been granted. *452 The plaintiff made no case which entitled him to relief. The simple proof of the recovery of the judgment and the execution of the deed, and its delivery at about the time the judgment was rendered, in and of itself furnishes no basis to set aside a transfer. Debtors have a right to prefer particular creditors when there are no outstanding liens, and if the transaction is untainted by fraud, the fact that the debtor has paid one creditor in place of another gives the one recovering judgment no legal cause to complain, nor right to set aside tire conveyance. It is quite true that when the appellees undertook to show an adequate consideration, the claims which they attempted to prove raise a very grave suspicion respecting the Iona fides of their conduct, and if the court had concluded from the evidence that the debt asserted by Mrs. Riddle and admitted by Mrs. Rose was unjust and had no existence as a matter of fact, we should have had no hesitation whatever in accepting his conclusions and affirming any judgment which he might have entered. The testimony leads us to suspect that the transaction was not fair, as the daughter contended it to be, and it had very much the appearance of one entered into between near relations for the purpose of protecting property and preventing a creditor from enforcing a just debt. But whatever our own impressions may be, we are controlled by the conclusions of the trial court, and since there is evidence in the record on which it can be sustained, and it is not clearly and unmistakably with the plaintiff, we cannot attempt to enforce our own judgment respecting it.
Since this is practically the only question presented by the record, we are compelled to affirm the judgment.
It must not he supposed by the parties that, although we have failed to discuss the legal propositions suggested by the briefs, we are unmindful of the questions presented in the argument, for we have taken the trouble to examine the law applicable to such cases, and while we agree with most of the propositions which the appellant presents, we are still met by the unsurmountable difficulty that though the law is clearly *453 and accurately stated, there must be a finding of fact by the trial court for the complaining party, or we must conclude that the testimony both justified and compelled a finding for him, in order to make a case to which the law can be applied. When we conclude that the plaintiff did not make out a ease, that the evidence did not necessarily compel the trial court to make a finding for him, and we are not constrained by its force and cogency to hold the trial court erred in its conclusions, the judgment must be affirmed.
We are unable to discover an error which warrants a reversal.

Affirmed.